### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| VERTIAL BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:02-CV-3122-TMP |
| | ) | |
| SHERIFF DAVID ABSTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

Plaintiff, Vertial Bonner, was an inmate in the Alabama penal system incarcerated at the Pickens County Jail at the time he filed this pro se action pursuant to 42 U.S.C. § 1983. Plaintiff alleged that he had been deprived of rights, privileges, or immunities afforded him under the Constitution or laws of the United States of America and named Sheriff David Abston as the only defendant. Plaintiff alleged that Sheriff Abston violated his right to privacy by reading his personal mail and telling other inmates of the content. Plaintiff seeks damages for the pain and suffering he has experienced. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(2), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991). Since that time, however, the parties have consented to the exercise of dispositive jurisdiction by the undersigned. *See* 28 U.S.C. § 636(c).

On February 14, 2003, the court entered an Order for Special Report directing that a copy of the complaint in this action be forwarded to the named defendant and requesting that he file a special report addressing the factual allegations of the plaintiff's complaint. The defendant was advised that the special report could be submitted under oath or accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. By the same Order, plaintiff was advised that after he received a copy of the special report submitted by the defendant he should file counter affidavits if he wished to rebut the matters presented by defendant in the special report. Plaintiff was further advised that such affidavits should be filed within twenty days after receiving a copy of the defendant's special report.

More than two years later, on October 21, 2005, the defendant finally filed a special report accompanied by affidavits of Sheriff Abston and several current and former Pickens County Officers. Abston also included copies of applicable portions of the plaintiff's inmate record. Thereafter, plaintiff was notified that he would have twenty days to respond to the motion for summary judgment, filing affidavits or other material if he chose. Plaintiff was advised of the consequences of any default or failure to comply with Fed. R. Civ. P. 56. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). On November 15, 2005, plaintiff filed a response to defendants' motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Because the special report of the defendant is being considered a motion for summary judgment, the Court must determine whether the moving party, the defendant, is entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of

material fact and the movant is entitled to judgment as a matter of law. *Federal Rule of Civil Procedure 56.* In making that assessment, the Court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [citations omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

FACTS

Vertial Bonner was arrested on charges of Distribution of a Controlled Substance on February 9, 2002, and booked into the Pickens County Jail. (Doc.#24 Exh. B) Plaintiff pled guilty to the charges and was sentenced to fifteen years in the custody of the Department of Corrections. The sentence was suspended and plaintiff was placed on six years of probation with twelve months to serve in jail. (Doc.#24 Exh. D) Plaintiff was released from the Pickens County Jail on February 12, 2003.

Plaintiff does not try to hide the fact that he is homosexual; his family and friends know and he openly tells people with whom he works. (Doc.#24 Plaintiff's deposition, p. 29-31) Sheriff Abston and the jailers were aware of plaintiff's sexual preferences even though he denies actually telling them. (*Id.*) One of the jailers knew plaintiff was homosexual because he was from plaintiff's hometown. (Doc.#24 Exh. F) Another knew because he lives in the same neighborhood as plaintiff. (Doc.#24 Exh. A) Sheriff Abston even received complaints from inmates that plaintiff was engaging in sex acts with other men in the trusty dorm. (Doc.#24 Exh. G p.2)

In May or June 2002, plaintiff was chosen to be a jail trusty and was housed in the trusty dorm. Trusties are given more freedom than non-trusties. (Doc.#24 Exh G p.2) While plaintiff was incarcerated, a state prisoner, Garrett Gaines, was brought to the Pickens County Jail in order to appear in court in Pickens County. State prisoners, who are being temporarily housed in the jail, are kept in maximum security and separate from county prisoners, particularly trusty inmates for security and safety reasons. (*Id.*)

After he was taken back to state prison, Gaines wrote Bonner a letter. In accordance with jail policy, letters from state prisoners who have been housed in the Pickens County Jail are opened

and read for security reason. The Jail Administrator scanned the contents of the incoming letter to make sure there were no security issues. He then told the sheriff that plaintiff had received a love letter from Gaines. (*Id*.) Sheriff Abston did not read the letter, but after learning of the contents, became concerned that there had been a breach of security while Gaines was in the jail. Abston conducted an informal investigation and questioned another trusty about plaintiff and Gaines. (*Id*. p3).

Plaintiff subsequently was threatened and harassed by other inmates as a result of the information divulged during the investigation. Plaintiff did not report the threats of other inmates because he did not want to be placed in lock-up. (Doc.#24 Exh A. p 57) Plaintiff was assaulted by fellow inmate Gary Ball, but he never reported the incident to any of the officers. (*Id*. p.60) Another inmate threatened to beat plaintiff with a bar of soap wrapped in a sock, saying that he did not like homosexuals, but plaintiff did not report that incident either. (*Id*.) Sheriff Abston was not aware that plaintiff had been picked on or threatened by fellow inmates.

The Pickens County Jail has an inmate grievance procedure, but plaintiff did not file a grievance. (*Id*. p.4) Plaintiff knew of the grievance procedure at the Pickens County Jail, but chose not to report to any jail personnel that he was being harassed by other inmates. (Doc.#24 Exh A. p 57).

DISCUSSION

Vertial Bonner complains that Sheriff David Abston opened his personal mail, read it, and disclosed the contents to his fellow inmates. Plaintiff was then threatened and harassed by other inmates because of what Sheriff Abston told them about plaintiff. Sheriff Abston has responded to

plaintiff's allegations by stating that he was not aware that plaintiff had been picked on or threatened by fellow inmates. Abston also explains that the Pickens County Jail has an inmate grievance procedure, but plaintiff did not file a grievance. (*Id*. p.4) Sheriff Abston maintains that this case is due to be dismissed because plaintiff failed to exhaust his administrative remedies.

### *Exhaustion of Administrative Remedies*

The issue of exhaustion must be addressed prior to a review of the merits defendant's motion for summary judgment. In 1996, Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) (PLRA) in an attempt to control the flood of prisoner lawsuits. Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

It is clear that plaintiff's complaint concerning Sheriff Abston's reading of his private mail and disclosing the contents to other inmates, who thereafter harassed and threatened him, is a complaint about the conditions under which he was confined in the Pickens County Jail. It is also clear that the Pickens County Jail has an inmate grievance policy through which inmates may present such claims to jail administrators for resolution. By his own admission, plaintiff knew of the grievance procedure at the Pickens County Jail, but chose not to report to any jail personnel that he was being harassed by other inmates because he did not want to be put in lock-up. (Doc.#24 Exh A. p 57).

In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit Court of Appeals discussed the amendment of 42 U.S.C. § 1997e(a) by the PLRA, concluding that "Congress now has mandated exhaustion" and that "exhaustion is now a pre-condition to suit [by prisoners]." 159 F.3d

6

at 1325-26. The Court of Appeals for the Eleventh Circuit has also made it very clear that a district court may not waive this exhaustion requirement. *Id.* at 1326. The court specifically held that "the judicially recognized futility and inadequacy exceptions [that had existed under former § 1997e(a)] do not survive the new mandatory exhaustion requirement of the PLRA." *Id.* at 1325. Plaintiff responded to the defendant's request for dismissal by stating that, "If I had file a gereive [sic] nothing would have been done, beside place me in lock-up. I can truly say that a gereive [sic] wouldn't of did any good. Sererval [sic] inmates have file gerive [sic] in [sic] nothing was ever done." (Doc.#27 p.3)

In *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), the Supreme Court, interpreting the intent of Congress, concluded that exhaustion of administrative remedies is now mandatory even if the procedures to do so do not meet certain "minimum acceptable standards" of fairness and effectiveness, and courts cannot excuse exhaustion even when it would be "appropriate and in the interests of justice." *Id.* at 740 n.5. Thus, plaintiff's failure to utilize the grievance procedure that existed at the Pickens County Jail cannot be excused on the basis of futility. Inasmuch as it is undisputed that plaintiff failed to utilize the Pickens County Jail's inmate grievance policy to resolve his complaints regarding the conditions under which he was confined, this action is due to be DISMISSED WITHOUT PREJUDICE due to plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

DONE this the 9th day of March, 2006.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE